UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE CANNON,

       Plaintiff,

CASE NO. 1:12-CV-42

v.

HON. ROBERT J. JONKER

CANTEEN SERVICES of
NORTHERN MICHIGAN, INC., *et al.*,

       Defendants.
_____/

## **OPINION AND ORDER**

This matter is before the Court on Defendant Canteen Services of Northern Michigan, Inc.'s ("Canteen") Motion for Summary Judgment (docket # 37) and Defendants Lake County Sheriff and Lake County's Motion to Dismiss or for Summary Judgment (docket # 39). The Court has thoroughly reviewed the record and carefully considered the applicable law. The matter is ready for decision.

### **Background**

Through its Correctional Services Division, Defendant Canteen Services of Northern Michigan, Inc. ("Canteen") provides on-site food services, regulatory compliance related to food services, and job training for inmates in correctional facilities throughout northern Michigan. (Oliverius dep., docket # 38-1, at ¶ 6.) In February of 2010, Canteen entered a written agreement with Defendant Lake County to provide these services to inmates housed in the Lake County Correctional Facility ("LCCF"). (*Id.* at ¶ 7.) Canteen understood that under the agreement, Lake County could revoke any individual's access to LCCF, and that if Lake County revoked a Canteen

employee's facility access, Canteen could no longer permit the individual to work in the LCCF. (*Id.* at ¶¶ 11, 12.)

In the spring or summer of 2010, Canteen hired Ms. Cannon, who is African-American, for a line cook position with the Canteen staff assigned to LCCF. Ms. Cannon understood that she worked for Canteen. (Cannon dep., docket # 38-2, at 42.) Lake County also understood Ms. Cannon to be Canteen's employee. (Dagen dep., docket # 38-4, at 38.) Ms. Cannon understood that Lake County had the power to determine whether to allow any person on the premises of LCCF. (Cannon dep., docket # 38-2, at 42.) Lake County shared this understanding. (Dagen dep., docket # 38-4, at 38.) On October 15, 2012, Lake County notified Canteen's general manager, Mr. Oliverius, that it had decided to revoke Ms. Cannon's facility access. (Dagen corresp., docket # 38-1, Ex. 3.) Because Lake County revoked Ms. Cannon's access to LCCF, Ms. Cannon was not permitted to return to LCCF. (Oliverius aff., docket # 38-1, at 20.) Ms. Cannon's employment with Canteen ended. (*Id.* at ¶ 24.)

Ms. Cannon pursued claims against Lake County[1] and against Canteen through the Equal Employment Opportunity Commission. (docket # 38-4, Exs. 7, 8; docket # 41-5, Exs. 12-15.) The EEOC investigated and dismissed each claim. In dismissing the claim against Lake County, the EEOC stated explicitly that Ms. Cannon was "not an employee of respondent" but rather "worked at its' [sic] facility as an independent contractor." (docket # 41-5, Ex. 14.)

---

[1]Ms. Cannon appears to have intended to name Lake County but mistakenly named LCCF in the EEOC charge she filed concerning Lake County.

Ms. Cannon filed this lawsuit on January 16, 2012. She claims race-based employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and Michigan's Elliot Larsen Civil Rights Act ("ELCRA"). Defendants move for summary judgment (docket ## 37, 39).

**Legal Standard**

Summary judgment is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of proving the absence of a genuine issue of material fact and its entitlement to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and inferences are viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

Both Title VII and the ELCRA prohibit employers from discriminating against an individual with respect to employment on the basis of race. 42 U.S.C. § 2000e-2(a)(1); MICH. COMP. L. § 37.2202(1)(a). In the absence of direct evidence of racial animus, a *McDonnell Douglas* burden-shifting approach to employment discrimination claims applies under both federal and Michigan law in single-motive cases.[2] *Risch v. Royal Oak Police Dept.*, 581 F.3d 383, 390 (6th Cir. 2009); *Hazle v. Ford Motor Co.*, 464 Mich. 456, 628 N.W. 2d 515 (2001) (citing *Lytle v. Malady* (On Rehearing),

---

[2] Even under a mixed-motive framework, the *McDonnell-Douglas* structure is useful when the case is entirely circumstantial. The purpose of the *McDonnell-Douglas* approach is to illuminate the ultimate question in any discrimination case involving a claim of disparate treatment: namely, did the employer's adverse action result, at least in part, from a prohibited factor. *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 712-13 (6th Cir. 2006).

458 Mich. 153, 172-78, 579 N.W. 2d 906 (1998)). Under this framework, the plaintiff must first establish a prima facie case. *Id.* The elements of a prima facie case of race-based employment discrimination for failure to re-hire are (1) plaintiff is a member of a protected class; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the position; (4) she was treated differently from similarly situated members of the unprotected class. *Clay v. United Parcel Service, Inc.*, 501 F.3d 695, 703 (6th Cir. 2007). If a plaintiff establishes a prima facie case, the burden of production shifts to the defendant, who must offer evidence of a legitimate, non-discriminatory reason for its action. *Risch*, 581 F.3d at 391. If the defendant meets this burden, then the burden of production shifts back to the plaintiff, who must identify evidence that the proffered reason is actually a pretext for unlawful discrimination. *Id.* A plaintiff may demonstrate pretext by showing that the employer's stated reason (1) has no basis in fact; (2) was not the actual reason; or (3) is insufficient to explain the employer's action. *Id.* The burden of persuasion remains with the plaintiff at all times. *Id.*

**Analysis**

*1.    Defendants Lake County and Lake County Sheriff*

Defendants Lake County and Lake County Sheriff contend that they are entitled to summary judgment because Canteen, not Lake County, employed Ms. Cannon. The undisputed record amply supports this position and contains no evidence to the contrary. Canteen makes all decisions concerning the terms and conditions of its employees' employment. (Oliverius aff., docket # 38-1, at ¶ 15.) Canteen maintains its own payroll, personnel records, work rules, and employee handbook, and it has its own management staff. (*Id.* at ¶¶ 13, 14.) Canteen's management staff is responsible for hiring, promoting, disciplining, and terminating Canteen employees working within the facilities

4

to which Canteen provides services, including LCCF. (*Id.* at ¶ 15.) Canteen employees do not perform any of the responsibilities of, and are not interchanged with, Lake County personnel. (*Id.* at ¶ 16.) And Lake County personnel do not perform any of the Canteen employees' responsibilities. (*Id.*) Canteen and Lake County do not share ownership, a Board of Directors, or management. (*Id.* at ¶¶ 17, 18.) Not only do Defendants' witnesses state that Canteen, not Lake County, employed Ms. Cannon, but Ms. Cannon in her own deposition acknowledges that Canteen was her employer. There is no evidence that Lake County employed Ms. Cannon, jointly or otherwise. Ms. Cannon cannot succeed on her claims of employment discrimination against Defendants Lake County and Lake County Sheriff; these defendants never employed her. Accordingly, Defendants Lake County and Lake County Sheriff are entitled to summary judgment.

   2.   *Defendant Canteen*

Canteen seeks summary judgment in its favor because, among other things, Ms. Cannon has submitted no admissible evidence – direct or indirect – that Canteen discriminated against her on the basis of race in any way. Indeed, Ms. Cannon testified repeatedly that Canteen did not discriminate against her. During her deposition, she stated that the Canteen employee who supervised her was always fair to her. (Cannon dep., docket # 38-2, at 50.) She testified that no one at Canteen ever said anything to her about her race, and that she did not think that Canteen fired her because of racial discrimination. (*Id.* at 56-57, 80-81.) She testified that she believed Canteen terminated her employment because Lake County no longer allowed her on the premises of LCCF. (*Id.* at 80-81.) The only potentially contradictory evidence appears in an unsigned affidavit Ms. Cannon included in her response to Defendants' motions for summary judgment. Even if the affidavit were signed, it would not strengthen her position, because it contradicts the admissions in

5

her depositions without any justification for doing so. *See Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006).

Even assuming there were indirect evidence of discrimination in this record, Ms. Cannon has not made a prima facie case. There is no evidence that similarly-situated individuals were treated differently from Ms. Cannon. On the contrary, the record reflects that nine Canteen employees, eight of whom were white, were denied access to client facilities, and that none of those individuals ever returned to the facilities to which they were denied access. (Oliverius aff., docket # 38-1, at ¶¶ 22-23.) Moreover, even assuming Ms. Cannon was treated differently from other similarly-situated employees, there is no evidence that Canteen terminated her employment for any reason other than the revocation of her access to LCCF. There is simply no evidence that Canteen's stated reason for terminating Ms. Cannon's employment was pretext for race-based discrimination.

Absent any evidence of race-based discrimination, whether direct or indirect, Ms. Cannon cannot prevail on her employment discrimination claims against Canteen. Canteen is entitled to summary judgment.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendants Lake County and Lake County Sheriff's Motion for Summary Judgment (docket # 39) is **GRANTED**.

2. Defendant Canteen Services of Northern Michigan, Inc.'s Motion for Summary Judgment (docket # 37) is **GRANTED**.

3. The court will enter Final Judgment after resolving the pending Rule 11 sanctions motion.

Dated: June 28, 2013         /s/ Robert J. Jonker
                             ROBERT J. JONKER
                             UNITED STATES DISTRICT JUDGE