UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE CANNON,

        Plaintiff,                                  Case No. 1:12-CV-42

v.                                                  Hon. Robert J. Jonker

CANTEEN SERVICES OF
NORTHERN MI, INC., et al,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed identical motions for partial summary judgment and motions in limine against Canteen Services of Northern Michigan, Inc. (Canteen) (docket no. 113) and Lake County and the Sheriff of Lake County (Lake County) (docket no. 114). In her motion, plaintiff alleges that the affirmative defense of "exhaustion of remedies" is no longer available to defendants Canteen nor Lake County because that defense no longer exists in the Sixth Circuit, citing *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006); and that the defendants have failed to assert "Ellerth defenses" to the hostile environment claim in this case, and therefore plaintiff is entitled as a matter of law to a holding that defendants did not exercise reasonable care to prevent and correct promptly any sexually harassing behavior, and that plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Plaintiff also seeks to bar Canteen or Lake County from offering anything in support of the affirmative defenses. Both motions are opposed.

**The Affirmative Defense of "Exhaustion of Remedies"
Has Been Eliminated in the Sixth Circuit**

Plaintiff contends that the case of *Adamov v. U.S. Bank Nat. Ass'n.,* 726 F.3d 851 (6th Cir., 2013) holds that administrative exhaustion is not a jurisdictional requirement under Title VII, based upon the Supreme Court's determination in *Arbaugh* that Title VII's employee numerosity requirement was not jurisdictional. *Id.* at 504. Plaintiff therefore reasons that *Adamov* "has essentially eliminated the affirmative defense of 'exhaustion of remedies.'. . . For these reasons, the 'failure to exhaust remedies' is no longer a viable affirmative defense for any employer in the Sixth Circuit and must there for [sic] be stricken as failing to state a claim, or in this case a defense." Plaintiff's Briefs, docket no. 113 at ID# 2825-6 and docket no. 14 at ID #2833-4. In their answers to plaintiff's motions, defendants point out, correctly, that plaintiff has misunderstood the law and the Sixth Circuit has not abolished the defense of failing to exhaust administrative remedies.

*Adamov* simply held that because Congress had not implicitly restricted the court's jurisdiction in cases where a plaintiff has not exhausted administrative remedies, a district court could not apply a jurisdictional analysis to the question of exhaustion of remedies and dismiss a claim on jurisdictional grounds. The Sixth Circuit cited the Supreme Court's determination in *Arbaugh* that Title VII's employee-numerosity requirement was not jurisdictional. Rather, the administrative remedies pertaining to Title VII, which are discussed generally in 42 U.S.C. § 2000e-5, are statutory. The statute describes the period of limitations for filing a charge with the EEOC and the EEOC's duties to investigate and respond to the employee. The statute also states that if the EEOC dismisses a charge, or if the EEOC or the Attorney General has not filed suit or entered into a conciliation agreement with the employer after 180 days, the EEOC or the Attorney General must notify the employee who may then file a lawsuit himself. *Id.* The court in *Adamov* only held that

since the failure to exhaust administrative remedies was merely a statutory defense which had not been raised by the defendant, rather than a jurisdictional one, the lower court lacked the authority to *sua sponte* dismiss the case on exhaustion grounds. *See, Spengler v. Worthington Cylinders,* 615 F.3d 481, 489-90 (6th Cir. 2010) (administrative exhaustion is still a statutory prerequisite to maintaining a claim in the district court).

This distinction was clearly articulated in *Coleman v. Cardinal Health 200 LLC,* 2013 WL 5954428, Nov. 7, 2013, where the plaintiff in that case attempted to raise the same argument plaintiff in this case raises:

> Coleman asserts [Adamov] supports "her position that her case should not be dismissed on jurisdictional grounds, as claimed in Defendant's Motion for Summary Judgment" and claims that "[p]ursuant to *Adamov, Id.,* "A district court may not dismiss the claim on jurisdictional grounds." (Docket Entry No. 39).
>
> This argument is misplaced. In *Adamov,* the Sixth Circuit noted that exhaustion of a Title VII claim is not a *jurisdictional* requirement under Title VII – meaning a requirement that the Court may raise *sua sponte* even if the defendant does not raise exhaustion in a dispositive motion. As such, the Sixth Circuit concluded that the defendant in *Adamov* "forfeited the argument that Adamov did not exhaust his retaliation claim by failing to raise it to the district court." *Id.* at 856. Here, however, Cardinal Health *did raise* exhaustion as grounds for dismissing Coleman's claim that she was selected for the RIF due to her race. Thus, it does not matter for purposes of this motion that exhaustion is not a jurisdictional requirement. *See Spengler, supra,* at 489-90 (noting that while exhaustion is not a "jurisdictional requirement," "administrative exhaustion is still a statutory prerequisite" to maintaining a claim and therefore considering the merits of the defendant's exhaustion challenge in the district court). This Court therefore continues to conclude that it must dismiss, as administratively unexhausted, Coleman's claim that Cardinal Health selected her for the RIF based upon race discrimination.

Plaintiff has also argued in her Reply Brief (docket no. 125) for the first time that Canteen has no right to assert the defense of "exhaustion of remedies," because Canteen did not list

it as an affirmative defense in its original response to the initial Complaint. This argument is wholly different from plaintiff's original motion, which only asserted that the defense of exhaustion of remedies no longer existed, not that defendants had failed to raise it. Since this new argument was raised for the first time in a reply brief, it gives defendants no opportunity to respond to it. Accordingly, the Court should disregard this argument.

## Defendants' Failure to Timely Assert Affirmative Defenses

Plaintiff also alleges that the defendants have failed to timely assert two potential affirmative defenses, namely (1) that Canteen and Lake County exercised reasonable care to prevent and correct promptly any sexually [sic] harassing behavior, and (2) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. Plaintiff refers to these as the "Ellerth defenses," mis-citing to *"Burlington Industries, Inc. v. Ellerth* (97-569), 123 F.3d 490 (7th Cir. 1997)." On the strength of this fact alone, and without offering further reasoning in support of her contention, plaintiff deduces that she is entitled as a matter of law to a holding that each defendant (a) did not exercise reasonable care to prevent and correct promptly any racially harassing behavior, and (b) that the plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm otherwise. *See* Plaintiff's Briefs, docket no. 113 at ID #2826, and docket no. 114 at ID #2834.

Plaintiff mis-cites both the case and the law it holds. The proper citation for *Burlington Indus., Inc. v. Ellerth* is 524 U.S. 742, 765 (1998). It holds:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee.

> When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rul Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. While proof that an employer had promulgated an antiharassment policy with complaint procedure is not necessary in every instance as a matter of law, the need for a stated policy suitable to the employment circumstances may appropriately be addressed in any case when litigating the first element of the defense. And while proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense. No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

The Sixth Circuit in *Quinn v. Griffith,* 515 Fed. Appx. 543, 547 (2013), a case arising out of this district, more recently summarized this rule as follows:

> Where a plaintiff employee suffered no tangible employment action, as in the instant case, the employer can defend against vicarious liability for sexual harassment by its supervisor by establishing by a preponderance of the evidence the affirmative defense set forth in *Burlington Indus., Inc. v Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), and *Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). *Thornton,* 530 F.3d at 456. The affirmative defense requires that the employer demonstrate two elements:
>
> (a) that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (b) that plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

First, then, *Ellerth* is concerned with only one affirmative defense consisting of two elements, not two affirmative defenses as stated by plaintiff.

Second, it is surprising plaintiff would seek to penalize defendants for failing to raise an affirmative defense which is only available where a plaintiff employee has suffered no tangible employment action. *Ellerth, supra; Quinn, supra.* Here, of course, plaintiff claims she was wrongfully discharged from her position at the Lake County facility.

Third, even in those instances where it is appropriate to utilize this affirmative defense, it is not necessary to do so "in every instance as a matter of law." *Ellerth, supra,* at 765.

Lake City, of course, asserts that it has no procedure for non-employees to make complaints in the first place and that plaintiff is a non-employee. It states that the only person plaintiff ever complained to was Pam Bower, who worked for Canteen and not Lake County. Like Lake County, Canteen did not raise this so-called affirmative defense because it did not believe it to be applicable to this case. Of course, it did not want to be precluded from being able to respond to any factual allegations to which plaintiff testifies at trial.

Affirmative defenses that have not been raised are not before the Court, and the Court does not need to be concerned with them. On the other hand, as noted, all previous defenses germane to plaintiff's remaining claims before the Court, remain before the Court. In its August 19, 2014 order, the Court clarified the claims pending before the Court. One of these was a heretofore poorly articulated claim that one or both defendants was liable for racial discrimination on a theory of a racially hostile work environment during the time of plaintiff's work at the LCCF. The Court then stated unequivocally that "[a]ll potential defenses, including without limitation defenses based on the failure to exhaust a hostile work environment claim, also remain open and unresolved." Plaintiff cannot now persuasively argue, following an interlude in the proceedings during which nothing has happened, that somehow some defenses are no longer available.

### Plaintiff's Request for Order in Limine

Plaintiff has also moved in limine to bar defendants from proffering any argument or evidence supporting the affirmative defense discussed above.  Since the affirmative defense is neither applicable nor has been raised, it is premature to consider such relief.

### Conclusion

For all the reasons discussed, I respectfully recommend that plaintiff's two motions for partial summary judgment against the defendants (docket nos. 113 and 114) be **DENIED.**


Dated:  May 22, 2015                                             /s/ Hugh W. Brenneman, Jr.
                                                                                   HUGH W. BRENNEMAN, JR.
                                                                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).