UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE CANNON,

    Plaintiff,

CASE NO. 1:12-CV-42

v.

HON. ROBERT J. JONKER

CANTEEN SERVICES OF
NORTHERN MI, INC., et al.,

    Defendants.
_____/

**ORDER**

    This case has a lengthy and somewhat tortured procedural history for reasons detailed in earlier opinions of this Court, and in the series of detailed Reports and Recommendations filed by the Magistrate Judge. Part of the problem has been a circuitous path to factual verification of what exactly plaintiff is claiming. Part of the problem has been trying to tie down the particular legal theories plaintiff is trying to articulate. At this point, the Court is satisfied that all possible legal theories have been identified and tested—including the joint employer theory and the racially hostile work environment theory previously identified by the Magistrate Judge that led to the latest round of motion practice and briefing. After considering the entire record, and even after crediting plaintiff with belated verification of her current factual statements—in contradiction of much of what she testified to during her deposition—the Court concludes that both defendants are entitled to summary judgment on the claims against them.

    This is an employment case. Plaintiff is an African American female. She was an employee of Canteen Services, a contract food service vendor to Lake County. Her assigned duty station was

a Lake County jail facility. Canteen Services terminated plaintiff's employment after Lake County revoked its permission to have plaintiff on the premises of the jail. Plaintiff sued both Canteen and Lake County for race discrimination in employment. The Court originally granted summary judgment to each defendant because there was no evidence Lake County was actually plaintiff's employer, and because there was no evidence that Canteen had taken any action against plaintiff on account of her race. Docket #. 54.

Thereafter, defendants sought Rule 11 sanctions, and plaintiff sought reconsideration. The Court assigned both matters to the Magistrate Judge for a fresh look. The Magistrate Judge identified two theories that, in his view, needed additional briefing and focus because the record fairly raised the issues for evaluation even though the parties did not formally brief them. Those issues were: 1) whether Lake County could be considered a joint employer of plaintiff; and 2) whether plaintiff had a viable claim for racially hostile work environment. The parties proceeded to address those issues, though less directly than the Magistrate Judge felt they should. Ultimately, the Magistrate Judge produced a detailed and comprehensive Report and Recommendation addressing all the possible permutations of argument raised by the parties in this supplemental round of litigation. The Report and Recommendation concludes that both defendants are entitled to dismissal of plaintiff's claims. Plaintiff objects. After de novo review, the Court agrees that the defendants are entitled to dismissal, and adopts the Report and Recommendation to the extent provided in this Order.

First, the Court reiterates and incorporates the original basis for its summary judgment ruling (docket # 54). The reconsideration granted by this Court was narrow and limited. It was intended to address only two narrow theories that had not been addressed and resolved in the original round

of briefing: a joint employer theory and a racially hostile work environment theory. The parties briefing has in large measure gone well beyond this narrow scope. There was no reason or basis to do so. The reconsideration did not reopen the original decision of the Court on the originally submitted theories and record.

Second, the Court agrees on de novo review that there is no basis for a bona fide joint employer theory of liability against Lake County. The Report and Recommendation addresses this issue in detail, citing and discussing the recent case authority of *Knitter v. Corvias Military Living LLC*, 758 F.3d 1214 (10th Cir. 2014). As the Magistrate Judge noted, the case is strikingly similar to the facts of this case on the joint employer issue, and for the reason convincingly found by the 10th Circuit, the food vendor contract relationship at issue in *Knitter*—like the one at issue here—does not support a joint employer theory of liability. Plaintiff's attempts to discredit *Knitter* but her objections are unavailing. The Court's conclusion on this issue means that Lake County cannot have employment-based liability to plaintiff on any theory because Lake County was simply not plaintiff's employer—joint employer or otherwise. This makes it unnecessary to address the other issues in the Report and Recommendation as they pertain to Lake County.

Third, the Court agrees on de novo review that plaintiff did not exhaust a racially hostile work environment claim against Canteen before the EEOC, and that Canteen did not waive or otherwise forfeit its right to rely on an exhaustion defense. In the first place, it was the Court, and not plaintiff herself, that first identified the racially hostile work environment claim and gave the parties an opportunity to address it. Canteen had no obligation to anticipate all possible defenses to claims that plaintiff had inadequately articulated in the first round of pleadings and briefing. Second,

Canteen's responses adequately preserved an ability to rely on an exhaustion defense in any event, as the Magistrate Judge accurately summarized.

On the merits of the exhaustion defense, it is important to note first that the Magistrate Judge bent over backwards to be broad-minded in interpreting plaintiff's submissions to the EEOC. He did not hold her to the choice of words she used to articulate her claim. Instead, he looked at the entire 20-page narrative she provided with that statement. Nor did her hold her strictly to the literal words in her 20-page litany of workplace complaints, only a few of which expressly raised race. Rather, he allowed her overall charge of racial discrimination to infuse the entire 20-page litany, thus concluding that all, or virtually all, of her workplace complaints could arguably involve race to at least some degree.

Even resolving all these matters in favor of plaintiff, the Magistrate Judge concluded that the EEOC charge did not fairly exhaust a claim against Canteen of racially hostile work environment because the one thing plaintiff was unequivocally clear about in her charge was that her boss at Canteen—Pam Bower—was NOT the problem. To the contrary, in plaintiff's own words to the EEOC: "Pam Bower has always been fair towards me. . . . Almost every other day Pam was in Dagon's office always taking up for me." This Court agrees with the Magistrate Judge's conclusion that plaintiff did not exhaust a racially hostile work environment claim against Canteen. Her complaints were—and continue to be—mostly about some inmates and some Lake County deputies who were allegedly rude and disrespectful to her on many grounds, including race. These allegations—even if verified—do not impugn Canteen, who by plaintiff's own admission to the EEOC was trying to help through Ms. Bowers.

Fourth, the Court agrees that exhaustion is still a viable theory of defense in the Sixth Circuit despite plaintiff's own dispositive motion urging the contrary conclusion. Plaintiff moved for summary judgment dismissing any exhaustion defense as a matter of law on the theory that the Sixth Circuit has eliminated it. The Magistrate Judge filed a separate Report and Recommendation pointing out that this argument of the plaintiff had no merit whatsoever (docket # 134). Even plaintiff must have been persuaded because she filed no objections. Nor can this Court find any credible basis for objection. The Magistrate Judge was plainly correct in his analysis on this issue.

Accordingly, **IT IS ORDERED**:

1. This Court **ADOPTS** and incorporates its original Summary Judgment Order (docket # 54) on the issues resolved in it.

2. The Report and Recommendation (docket # 134) urging denial of Plaintiff's Motions (docket ## 113-114) on exhaustion is **ADOPTED** and Plaintiff's Motions are **DENIED**.

3. The Report and Recommendation (docket # 141) on defense motions is **ADOPTED** to the extent addressed in this Order. In particular, the Court agrees that there is no evidence supporting a claim against Lake County as a joint employer; and the Court further agrees that plaintiff failed to exhaust before the EEOC a racially hostile work environment claim against Canteen.

4. Lake County and Canteen are entitled to Summary Judgment, and their Motions seeking it (docket ## 115, 117) are **GRANTED**.

5. Defendant's Motion for leave to file an Answer to Claims Identified in the Order Adopting Report and Recommendation (docket # 97) is **DISMISSED AS MOOT.**

      6.      Judgment shall enter accordingly against plaintiff and in favor of defendants.

**IT IS SO ORDERED**.


Dated:     September 16, 2015               /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   CHIEF UNITED STATES DISTRICT JUDGE